JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
The majority’s conclusion imposes a child support obligation on this noncustodial parent based on income that he does not have. The result is unrealistic, unfair, and will inevitably impose an additional future hardship on this already divided family.
The administrative regulations on which the majority opinion is based have no relationship to reality. The result in this case imposes a burden of support on a father which is beyond his means and is, therefore, not in the best interests of either parent or the children.
Furthermore, and perhaps most important for purposes of this discussion, the majority opinion is simply contrary to the law.
Section 40-4-204(2)(e), MCA, provides that when arriving at the amount of child support due, the court must consider “the financial resources and needs of the noncustodial parent....” Subsection (3)(a) of the same statute provides that guidelines adopted by the Department of Social and Rehabilitation Services should be followed “unless the court finds by clear and convincing evidence that the application of the standards and guidelines is unjust to the child or to any of the parties or is inappropriate in that particular case.”
*7 The majority opinion follows neither of the above provisions. It affirms the District Court’s imposition of a child support obligation which does not reflect either the resources or needs of the noncustodial parent, and in doing so, it passively applies guidelines that the clear and convincing evidence establishes are unjust to the noncustodial parent.
The District Court and this Court can impose all the support obligation they want on the noncustodial parent. However, the money still has to come from somewhere. Where is this money going to come from when it is based on income that the noncustodial parent does not have? He is either going to have to go without food and housing, steal it, or just not pay it. None of these alternatives seem to reflect the kind of just and reasonable solutions this Court should strive for.
To include travel reimbursement in the calculation of gross income, and then exclude travel expense from the calculation of net income when, in fact, the child support obligation is arrived at based on net income, is to suggest that the noncustodial parent should create funds for child support from whole cloth. It may sound like a nice thing to do for the children, but in reality I fail to see how it is of any benefit to them.
I realize this is the “get tough on child support” age. However, imposing unrealistic and impossible burdens on noncustodial parents does not further anyone’s interest. It simply further divides and stresses families which already have more than their share of problems to deal with.
For these reasons, I dissent from the majority opinion.
JUSTICE HARRISON joins in the foregoing dissent.